IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STARLA M. FABELA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1111-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Starla M. Fabela seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on January 8, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Upon review, this Court finds there is not substantial evidence in the record to support the decision of the Administrative Law Judge (ALJ).  The Court believes the record is incomplete for two reasons.

First, the ALJ should have contacted plaintiff's two treating physicians to establish what medical evidence they were relying on in reaching their opinions that the plaintiff was disabled.  This Court finds the ALJ erred in giving little weight to these opinions and citing them as mere conclusions unsupported by medical diagnosis, without making an effort to contact these physicians for clarifications of their opinions.  SSR 96-5p states, "Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion."  SSR 96-5p *6 (1996).

Second, the ALJ failed to properly consider and evaluate the third-party statements of Timothy Fabela, Kyrsten Fabela and McKenzie Fabela.  Both Regulations and Social Security Rulings declare that the ALJ must evaluate third-party testimony.  See 20 C.F.R. § 404.1529(c)(1) and (3), § 404.1529(a), 20 C.F.R. § 404.1545(a)(3), SSR 96-8p, SSR 96-7p and

2

SSR 85-16, 20 C.F.R. § 404.1513(d) (2010)). If the ALJ is to reject third-party testimony, the third-party testimony must be specifically discussed and credibility determination expressed. Basinger v. Heckler, 725 F.2d 1166, 1169-70 (8th Cir. 1984).

### Conclusion

This Court finds that the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of the evidence by the Commissioner. The Commissioner is ordered to contact Drs. Grisolano and Haleem and obtain their medical reasons for opining that the plaintiff is disabled. These medical reasons should include the medical basis for any functional limitations of the plaintiff. These limitations should include specifics as to how frequently plaintiff's abdominal issues are expected to arise and how severe they are likely to be. The Commissioner is further ordered to consider and evaluate the third-party statements of Timothy Fabela, Kyrsten Fabela and McKenzie Fabela. After clarifying the medical evidence and evaluating the third-party opinions of record, the ALJ should once again determine plaintiff's residual functional capacity and her ability to work, such that a determination can be made whether plaintiff is disabled as defined by the Social Security Act.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 29th day of January, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

3

Case 4:11-cv-01111-MJW   Document 16   Filed 01/29/13   Page 3 of 3